UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| TIMOTHY EDWARD SKAGGS, | |
| Plaintiff, | |
| v. | CAUSE NO. 4:20-CV-94-PPS-JEM |
| YODER, et al., | |
| Defendants. | |

OPINION AND ORDER

Timothy Edward Skaggs, a prisoner without a lawyer, filed a complaint under 42 U.S.C. § 1983, alleging the officers who arrested him used excessive force against him. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Skaggs alleges that he was at a friend's house on February 25, 2019, when police arrived to serve a warrant on him. Skaggs attempted to hide in the attic above the garage, but the police found him. When the police opened the attic access panel, Skaggs surrendered. He sat on the edge and prepared to jump down, but Officer Yoder, of the Carroll County Sheriff's Department, had his K-9 dog positioned directly below him.

Skaggs asked the officers several times to move the dog, but they did not. Officer Blake, of the Monticello Police Department, grabbed his dangling leg and tried to pull him down, but his shoe came off. By this time, the dog had moved, so Skaggs jumped down. Six to eight officers then punched, kicked, and slammed him into the ground, even though he was not resisting. He was then handcuffed, and while in restraints, the K-9 dog was released long enough to bite him on the shoulder and down his back. His wounds were treated at a hospital.

"A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 724 (7th Cir. 2013). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application." *Bell v. Wolfish*, 441 U.S. 520, 559 (1979). The question is "whether the totality of the circumstances" justifies the officers' actions. *Graham*, 490 U.S. at 396 (quoting *Tennessee v. Garner*, 471 U.S 1, 8-9 (1985)).

Skaggs states a claim against Officer Yoder and Officer Blake. The complaint alleges that the officers beat him even though he was not resisting, and then the K-9 dog bit him after he was handcuffed. He has plausibly alleged that these actions were objectively unreasonable.

2

As for the unknown officers, they must be dismissed. "[I]t is pointless to include lists of anonymous defendants in federal court; this type of placeholder does not open the door to relation back under Fed. R. Civ. P. 15, nor can it otherwise help the plaintiff." *Wudtke v. Davel*, 128 F.3d 1057, 1060 (7th Cir. 1997) (citations omitted).

For these reasons, the court:

(1) GRANTS Timothy Edward Skaggs leave to proceed against Officer Yoder and Officer Blake their individual capacities for compensatory damages for using excessive force against him on February 25, 2019, in violation of the Fourth Amendment;

(2) DISMISSES the Unknown Officers of the White County Sheriff's Department;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to request a Waiver of Service from (and if necessary the United States Marshals Service to serve process on) Officer Yoder at the Carroll County Sheriff's Department and Officer Blake at the Monticello Police Department and to send them a copy of this order and the complaint pursuant to 28 U.S.C. § 1915(d);

(5) ORDERS the Carroll County Sheriff's Department and the Monticello Police Department to provide the United States Marshals Service with the full name, date of birth, social security number, last employment date, work location, and last known home address of any defendant who does not waive service, if it has such information; and

(6) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Officer Yoder and Officer Blake to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R.

10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

    SO ORDERED on March 17, 2021.

                                              s/ Philip P. Simon
                                              PHILIP P. SIMON, JUDGE
                                              UNITED STATES DISTRICT COURT